**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
_____

DISABILITY RIGHTS NEW YORK,    )
    )
                     *Plaintiff*,    )
    )
       -against-    )         **COMPLAINT**
    )         2015-CV-
    )
CITY OF NEW YORK DEPARTMENT    )
OF CORRECTION, and JOSEPH PONTE,  )
In his official capacity as the Commissioner )
Of the New York City Department of    )
Correction,    )
    )
               *Defendants*.  )
_____)

## PRELIMINARY STATEMENT

1.    Plaintiff, Disability Rights New York (hereinafter "DRNY"), the designated Protection and Advocacy System for the State of New York, brings this action to enforce its right to access records pursuant to the Developmental Disabilities Assistance and Bill of Rights Act of 2000 ("DD Act"), 42 U.S.C. § 15041 *et seq.*, the Protection and Advocacy for Individuals with Mental Illness Act of 1986 ("PAIMI Act"), 42 U.S.C. § 10801 *et seq.*, and the Protection and Advocacy for Individual Rights Act ("PAIR Act"), 29 U.S.C. § 794e.

2.    Defendants are obstructing DRNY's access to client records and preventing DRNY from fulfilling its statutory obligations to ensure the protection of the rights of individuals with disabilities and to investigate incidents of abuse and neglect of individuals with disabilities.

3.    DRNY is further prevented from determining whether defendants have violated the rights of incarcerated people with disabilities to be free from abuse and neglect, and whether appropriate policies and procedures exist to prevent incidents of abuse and neglect.

1

4.      DRNY brings this action for declaratory and injunctive relief to obtain access to the records of A.B., a DRNY client and inmate in a facility operated by defendants.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

6.      Plaintiff's cause of action arises under the PAIMI Act, 42 U.S.C. § 10801 *et seq.*; DD Act, 42 U.S.C. § 15041 *et seq.*; PAIR Act, 29 U.S.C. § 794e; and 42 U.S.C. § 1983.

7.      This Court has the authority to grant declaratory and injunctive relief under 28 U.S.C. §§ 2201 and 2202.

8.      Venue is proper in the Eastern District of New York under 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to the claims in this lawsuit occurred in this District.

## PARTIES

9.      Plaintiff DRNY is the Protection and Advocacy System ("P&A") designated by the Governor of the State of New York to provide protection and advocacy services to individuals with disabilities throughout the state.

10.     DRNY is mandated under various interrelated federal statutory programs to provide legal representation and other advocacy services to individuals with disabilities.

11.     DRNY is authorized to investigate incidents of abuse and neglect and to pursue administrative, legal, and other appropriate remedies to ensure the protection of individuals with disabilities.

12.     DRNY is authorized by federal law to access facilities, clients, and records necessary to investigate allegations of abuse and neglect.

13.     DRNY has offices located at 725 Broadway, Suite 450, Albany, New York 12207; 25 Chapel Street, Suite 1005, Brooklyn, New York 11201; and 44 Exchange Boulevard, Suite 110, Rochester, New York 14614.

14.     Defendant City of New York Department of Correction (hereinafter "Defendant Department of Correction") is established pursuant to New York City Charter § 621.

15.     Defendant Department of Correction is located at 75-20 Astoria Boulevard, East Elmhurst, New York 11370.

16.     Defendant Department of Correction manages and operates jails on Rikers Island, which confine pre-trial detainees and sentenced individuals.

17.     Defendant Department of Correction's jails are facilities as defined in 42 U.S.C. § 10802(3) and 45 C.F.R. § 1386.19.

18.     Defendant Department of Correction's jails are also locations, as provided in 42 U.S.C. § 15043(a)(2)(H), in which services, supports, and other assistance is provided to individuals with disabilities, including the individual who is the subject of the complaint.

19.     Defendant Department of Correction confines individuals with mental illness, developmental disabilities, and other physical, sensory, cognitive and neurological impairments and disabilities on Rikers Island.

20.     Defendant Department of Correction provides care, treatment, services, supports, and habilitation including, but not limited to: screening, evaluation, counseling, behavioral therapies, medication treatment and supervision, assistive devices, and special education services.

21.     Defendant Joseph Ponte is the Commissioner of the City of New York Department of Correction.

22.     Defendant Ponte is responsible for the "charge and management of persons or any other institution of the city placed under his jurisdiction by law" and has "all authority . . . concerning the care and custody" of people under his charge pursuant to the New York City Charter §§ 621 and 623.

23.     Defendant Ponte maintains offices at 75-20 Astoria Boulevard, East Elmhurst, New York 11370.

**FACTS**

24.     On December 15, 2014, DRNY staff conducted a monitoring visit at the Robert N. Davoren Complex ("RNDC") after receiving allegations of abuse and neglect of young people confined there.

25.     The monitoring visit was conducted pursuant to DRNY's authority under 42 U.S.C. §§ 15043(a)(2)(H), 10805(a)(3) and 29 U.S.C. § 794e(f).

26.     RNDC's Department of Correction staff provides screening, evaluation, counseling, therapy, and education services to RNDC residents.

27.     On December 15, 2014, DRNY met with A.B., an 18-year-old incarcerated individual with a developmental disability.

28.     A.B. reported to DRNY that he was physically assaulted by corrections staff on or about December 9, 2014.

29.     A.B. reported to DRNY that, on or about December 9, 2014, a corrections officer told A.B. that he was speaking disrespectfully.

30.     A.B. reported to DRNY that he was led to a room, and he was punched and kicked by one or more corrections officers.

31.     A.B. reported to DRNY that he was seen by medical staff at RNDC and was transferred to Elmhurst Hospital for evaluation and treatment of injuries to his face and elbow, and was hospitalized overnight.

32.     On December 17, 2014, pursuant to DRNY's investigation of A.B.'s allegation of abuse, DRNY requested A.B.'s records from the Defendant Department of Correction and the New York City Department of Health & Mental Hygiene (DOHMH), and requested that the records be produced within three business days.

33.     DRNY provided Defendant Department of Correction and DOHMH with a signed release by A.B. which authorized DRNY to access the requested records.

34.     DRNY requested the following records from Defendant Department of Correction: (1) use of force reports related to A.B. from December 7, 2014 through December 12, 2014; (2) the unaltered surveillance video of the December 2014 incident, including surveillance video of the hallways outside the RNDC mess hall; (3) all records, including color photographs, reflecting security staff injuries sustained as a result of the December 2014 use of force incident; (4) all records, including color photographs, of A.B.'s injuries resulting from the December 2014 use of force incident; (5) all disciplinary records related to the December 2014 use of force incident; and (6) all records related to the investigation of the December 2014 use of force incident, including any records from the investigation division.

35.     DRNY received records from DOHMH in January of 2015 that documented the injuries received by A.B. on December 9, 2014.

36.     On December 31, 2014, Defendant Department of Correction denied DRNY's request for records.

37.     Defendant Department of Correction stated that the requested records would not be produced due to the pendency of an investigation into the December 9, 2014 incident by the New York City Department of Investigation (hereinafter "DOI").

38.     On February 10, 2015, DRNY renewed its request for A.B.'s records from Defendant Department of Correction pursuant to federal law.

39.     DRNY advised Defendant Department of Correction that neither federal nor state law prohibited DRNY's access to the requested documents during the pendency of a DOI investigation.

40.     DRNY demanded that the records be produced within three business days and delivered another copy of A.B.'s signed release form which authorized DRNY to access the requested records.

41.     Defendant Department of Correction has not provided DRNY with the records requested by DRNY.

42.     By denying DRNY's records request, Defendants Department of Correction and Ponte have impaired DRNY's ability to investigate and address serious allegations of abuse.

43.     DRNY has no adequate remedy at law.

**FIRST CLAIM FOR RELIEF**
**BASED ON VIOLATION OF THE DD ACT,**
**IMPLEMENTING REGULATIONS AND**
**42 U.S.C. § 1983**

44.     DRNY incorporates and re-alleges paragraphs 1-43 as if fully set forth herein.

45.     DRNY is authorized to access the records of A.B. pursuant to 42 U.S.C. § 15043(a)(2)(I)(i) and 45 C.F.R. § 1386.22(a)(1).

46.     The DD Act authorizes DRNY to access records of persons with disabilities and records maintained by facilities that serve individuals with disabilities.

47.     A.B. specifically authorized DRNY to access his records and the defendants' failure to provide the records is a violation of federal law.

48.     DRNY is entitled to access draft and final documents, including handwritten notes, electronic files, photographs, or video or audio tape records.

49.     Under the DD Act, DRNY must be granted access to requested records within three business days of making a request.

50.     Defendants' refusal to provide records to DRNY violates the DD Act and its implementing regulations.

51.     Defendants have acted under color of state law to deprive DRNY of federal rights under the DD Act.

52.     Defendants' violation of the DD Act and its implementing regulations frustrates and interferes with DRNY's federal mandate to protect people with disabilities in New York State; investigate allegations of abuse and neglect; provide legal advocacy for people with disabilities; determine whether an investigation by DRNY should be conducted; and determine whether corrective action should be taken.

## SECOND CLAIM FOR RELIEF
## BASED ON VIOLATION OF THE PAIMI ACT,
## IMPLEMENTING REGULATIONS AND
## 42 U.S.C. § 1983

53.     DRNY incorporates and re-alleges paragraphs 1-43, as if fully set forth herein.

54.     DRNY is authorized to access the records of A.B. pursuant to 42 U.S.C. § 10805(a)(4)(A), and 42 C.F.R. § 51.41(b)(1).

55.     The PAIMI Act authorizes DRNY to access records of persons with disabilities and records maintained by facilities that serve individuals with disabilities.

56.     DRNY is entitled to access draft and final documents, including handwritten notes, electronic files, photographs, or video or audio tape records.

57.     Defendants are required to promptly provide DRNY with access to records pursuant to 42 C.F.R. § 51.41(a).

58.     Defendants' refusal to promptly provide records to DRNY violates the PAIMI Act and its implementing regulations.

59.     Defendants have acted under color of state law to deprive DRNY of federal rights under the PAIMI Act.

60.     Defendants' violation of the PAIMI Act and its implementing regulations frustrates and interferes with DRNY's federal mandate to protect people with disabilities in New York State; investigate allegations of abuse and neglect; provide legal advocacy for people with disabilities; determine whether an investigation by DRNY should be conducted; and determine whether corrective action should be taken.

61.     DRNY is authorized to pursue administrative, legal, and other appropriate remedies to ensure the protection of individuals with mental illness who are receiving care or treatment pursuant to 42 U.S.C. § 10805(a)(1)(B).

62.     DRNY is entitled to relief under 42 U.S.C. § 10805(a)(4)(A), 42 C.F.R. § 51.41(b)(1), and 42 U.S.C. § 1983.

### THIRD CLAIM FOR RELIEF
### BASED ON VIOLATION OF THE PAIR ACT,
### IMPLEMENTING REGULATIONS AND
### 42 U.S.C. § 1983

63.     DRNY incorporates and re-alleges paragraphs 1-43, as if fully set forth herein.

64.     DRNY is authorized to access the records of A.B. pursuant to 29 U.S.C. § 794e(f)(2).

65.     The PAIR Act authorizes DRNY to access records of persons with disabilities and records maintained by facilities that serve individuals with disabilities.

66.     DRNY is entitled to access draft and final documents, including handwritten notes, electronic files, photographs, or video or audio tape records.

67.     Defendants' refusal to promptly provide records to DRNY violates the PAIR Act and its implementing regulations.

68.     Defendants have acted under color of state law to deprive DRNY of federal rights under the PAIR Act.

69.     Defendants' violation of the PAIR Act frustrates and interferes with DRNY's federal mandate to protect people with disabilities in New York State; investigate allegations of abuse and neglect; provide legal advocacy for people with disabilities; determine whether an investigation by DRNY should be conducted; and determine whether corrective action should be taken.

70.     DRNY is authorized to pursue administrative, legal, and other appropriate remedies to ensure the protection of individuals with mental illness who are receiving care or treatment.

71.     DRNY is entitled to relief under 29 U.S.C. § 794e(f)(3), and 42 U.S.C. § 1983.

## RELIEF

WHEREFORE, DRNY requests the following relief:

(1)     a declaratory judgment that Defendants have violated DRNY's rights under the DD Act, the PAIMI Act, the PAIR Act, and 42 U.S.C. § 1983;

(2)     an injunction ordering Defendants to provide DRNY with complete, un-redacted copies of all records requested pursuant to its federally mandated P&A authority;

(3)       an injunction ordering Defendants to immediately provide the un-redacted requested records regarding A.B.;

(4)       an injunction ordering Defendants to provide timely and complete responses to all future records requests made by DRNY pursuant to its federally mandated P&A authority;

(5)       an award of reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988; and,

(6)       any other relief that the Court deems appropriate.


Dated: March 12, 2015                          /s/ Cliff Zucker_____
        Albany, New York                       By:  Cliff Zucker

                                               **DISABILITY RIGHTS NEW YORK**
                                               Cliff Zucker, Bar # CZ-2254
                                               Jennifer Monthie
                                               Mark Murphy
                                               Stefen Short
                                               725 Broadway, Suite 450
                                               Albany, NY 12207
                                               (518) 432-7861
                                               518-432-7861 (fax) (not for service)