UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

DISABILITY RIGHTS NEW YORK,

                        Plaintiff,

     vs.

CITY OF NEW YORK and JOSEPH PONTE, in his
official capacity as the Commissioner of the New York
City Department of Correction,

                        Defendants.

------------------------------------------------------------------ x

**STIPULATION OF SETTLEMENT AND ORDER OF DISMISSAL**

15-CV-1285(WFK)(PK)

      **WHEREAS**, Plaintiff Disability Rights New York ("DRNY") is New York State's designated Protection and Advocacy System for people with disabilities and is authorized to access facilities and records pursuant to the Developmental Disabilities Assistance and Bill of Rights Act of 2000, 42 U.S.C. § 15041 *et seq.*, the Protection and Advocacy for Individuals with Mental Illness Act of 1986, 42 U.S.C. § 10801 *et seq.*, and the Protection and Advocacy for Individual Rights Act, 29 U.S.C. § 794e, and implementing federal regulations, 42 C.F.R. part 51, 45 C.F.R. part 1326, and 34 C.F.R. § 381 (collectively, the "Enabling Authority");

      **WHEREAS**, DRNY commenced the present action on March 12, 2015 against Defendants City of New York and Joseph Ponte (collectively, "Defendants") to enforce DRNY's right to access the Department of Correction ("DOC") records of inmate A.B, seeking declaratory and injunctive relief, as well as prospective relief for access to records which may be the subject of future requests made by DRNY to Defendants;

      **WHEREAS**, DRNY filed an Amended Complaint against Defendants on August 27, 2015, seeking the same relief as stated in the Complaint and also identical relief as to the records of inmate G.B.;

- 2 -

WHEREAS, the Office of the Bronx District Attorney submitted a Motion to Intervene on April 13, 2016, because some of the records requested by DRNY related to inmate A.B. pertained to an ongoing criminal investigation and criminal prosecution;

WHEREAS, the Office of the Bronx District Attorney and DRNY agreed to the terms of a Stipulated Protective Order that was endorsed by the Court on June 1, 2016, and the Bronx District Attorney withdrew its Motion to Intervene on June 8, 2016;

WHEREAS, Defendants have produced to DRNY, directly or through the Office of the Bronx District Attorney, all documents that are responsive to the records requests that are at issue in the Amended Complaint; and

WHEREAS, the parties have determined that it is in their respective interests to resolve the present litigation.

Now, therefore, it is hereby stipulated and agreed by and between DRNY and Defendants, as follows:

1. Should DRNY seek records from Defendants in furtherance of its Enabling Authority, DRNY will provide a written request for such records that is as specific as reasonably possible to the person(s) designated by Defendants to accept such requests, and a copy to DOC's General Counsel. If applicable, the request will include a release signed by the inmate. No release shall be required where DRNY determines there is probable cause to believe that the health or safety of an inmate with a qualifying disability is in serious and immediate jeopardy, or in any case of death of an inmate with a qualifying disability, or in any other circumstance permitted by federal or state law.

2. When making a request for records, DRNY will state the legal basis for the request under its Enabling Authority. DRNY will state that the request is made in

furtherance of an investigation of alleged abuse or neglect, if any. DRNY will further state, where appropriate, whether DRNY is conducting the investigation because: (a) DRNY received a complaint regarding alleged abuse and/or neglect, (b) DRNY has made a probable cause determination that an incident of abuse or neglect has occurred, or (c) DRNY determines that there is or may be imminent danger of serious abuse or neglect of an inmate with a qualifying disability.

3. DRNY will provide a date by which Defendants shall respond to the records request and include a citation to the relevant Enabling Authority. 42 U.S.C. § 15043(a)(2)(J); 42 C.F.R. § 51.41(a); 45 C.F.R. § 1326.25(c).

4. Defendants shall provide a written statement of reasons for any delay or denial of records beyond the deadlines specified. 42 C.F.R. § 51.43; 45 C.F.R. § 1326.26. Without limiting Defendants' obligations to provide prompt access to requested records as set forth in the Enabling Authority, Defendants' reasons for delay may include, but not be limited to, that additional time to provide access to requested records based on various considerations which include, but are not limited to, the size and complexity of the request and/or documents to be produced, accessibility of the records, and the need to discuss concerns with DRNY.

5. The parties agree that single instances with limited delays in providing access to records in good faith do not constitute a material breach of this Stipulation and may not serve as the basis for an enforcement action, absent exigent circumstances.

6. Defendants will not withhold or delay access to records on the basis of any ongoing investigation by DOC or any investigation by another agency. Defendants reserve the right to notify relevant law enforcement and/or prosecutorial entities that may currently be conducting an investigation that relates to the records requested or that may potentially conduct a

related investigation in the future.

Definition of Records

7.    The term "records" shall mean information and individual records as defined in the Enabling Authority. 42 U.S.C. § 10806(b)(3)(A); 42 U.S.C. § 15043(c); 42 C.F.R. § 51.41(c); 45 C.F.R. § 1326.25(b).

DRNY Duty of Confidentiality

8.    The parties recognize that requested records may contain highly sensitive, personal, and confidential information related to individual inmates, DOC employees, law enforcement entities, other individuals, and/or organizations, which is protected from disclosure by DRNY's Enabling Authority. As provided in its Enabling Authority, DRNY will maintain the confidentiality of all records and information as required by federal law and will only use such information as necessary to fulfill its own duties as permitted by federal law. DRNY will maintain the confidentiality of records to the same extent as is required of the provider of such services, except as permitted by its Enabling Authority. DRNY will not release or disclose to a third party any individual records without the authorization of the individual or his/her guardian, except as permitted by its Enabling Authority.

9.    If DRNY is served with a *subpoena duces tectum* or other legal document seeking records that DRNY received from Defendants, DRNY agrees to promptly notify Defendants. DRNY agrees to pursue in good faith all appropriate channels to maintain the confidentiality of records received from Defendants. Nothing within this paragraph shall prevent Defendants from taking any action they deem appropriate to protect their interests or of their employees.

General Provisions

10. Nothing in this Stipulation shall be deemed as waiving or otherwise limiting DRNY's authority to access or lawfully use records pursuant to its Enabling Authority.

11. Defendants deny any and all liability or wrongdoing arising from DRNY's allegations, and nothing in this Stipulation shall be deemed an admission of any fault or liability by Defendants.

12. Subject to the enforcement provisions described in paragraph 18, all claims for injunctive or declaratory relief that were or could have been asserted by DRNY against Defendants in the above-captioned action are hereby dismissed, with prejudice.

13. The terms of this Stipulation are based on current statutes, implementing regulations, and the interpretation of relevant case law. In the event of any change in federal statute, implementing regulation, or case law interpreting the controlling statutory and/or regulatory authority that either party believes changes their rights, responsibilities, or obligations, such party shall notify the other party in writing. The parties shall attempt in good faith to come to an agreement as to any modifications of this Stipulation warranted by changes in the Enabling Authority or interpretations thereof. In the event of a dispute regarding a change in statute, regulation, or interpretation of relevant case law, the parties will make a good faith effort to resolve the dispute. If after making a good faith effort, the parties are unable to resolve the dispute, DRNY and Defendants are free to make an application to the Court to seek a modification of this Stipulation.

14. Nothing in this Stipulation waives protections afforded by common law privileges, including the attorney-client and/or attorney-work product privilege, or waives Defendants' ability to assert such privileges for future records requests.

15. This Stipulation shall not be admissible in any other litigation or

settlement negotiation, except for enforcement of the provisions contained herein.

16. Nothing contained herein shall be deemed to constitute a policy or practice of the City of New York or any of its agencies, unless explicitly identified herein as such.

17. This Stipulation contains all the terms and conditions agreed upon by the parties hereto, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Agreement regarding the subject matter of the instant action shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

18. Enforcement: In the event either party believes a term of this Stipulation has been materially breached, the party alleging the breach will provide a written statement ("notice") to the other party, describing the alleged material breach. Notice to Defendants should be provided to the New York City Law Department and DOC's General Counsel. The party receiving the notice shall provide a written response within 30 days of receipt of the notice. Within 30 days of the written response, the parties shall meet and confer in a good faith effort to resolve their dispute. If the dispute is not resolved within 30 days of the meeting, the party alleging the breach may seek any appropriate relief from this Court.

19. The parties agree that the United States District Court for the Eastern District of New York shall retain jurisdiction over any dispute arising from or relating to the provisions of this Stipulation of Settlement and Order of Dismissal for a period of twenty-four (24) months after this Stipulation of Settlement and Order of Dismissal is approved by the Court.

20. The Parties agree that DRNY is entitled to reasonable attorneys' fees and costs. The Parties will negotiate in good faith to resolve DRNY's claim for attorneys' fees and costs in this case. Within 30 days of the Court's approval of this Stipulation, DRNY will provide

Defendants with a demand for the full satisfaction of all claims for attorneys' fees and costs in this case. Such demand shall include appropriate documentation to justify the demand amount. Within 30 days of receipt of the demand from DRNY, Defendants will inform DRNY whether it accepts the demand or otherwise disputes the amount. DRNY's claim for attorneys' fees and costs will be paid within 90 days of a signed agreement between the parties setting forth that amount, and after DRNY has provided Defendants with all documents necessary to effectuate settlement. Should the Parties not resolve DRNY's claim for attorneys' fees and costs, nothing in this Stipulation shall prevent DRNY from making a fee application to the Court.

21. This Stipulation shall be effective upon the approval by the Court.

Dated: November 17, 2016
New York, New York

Disability Rights New York
25 Chapel Street
Brooklyn, NY 11201
518-512-4873
100 Church Street

By: _____
Elena Landriscina, Esq.

_____
Mark J. Murphy, Esq.

Zachary W. Carter
Corporation Counsel
  of the City Of New York
Attorney for Defendants
New York, New York 10007
(212) 356-0873

By: _____
James M. Dervin, Esq.
Assistant Corporation Counsel

So Ordered: Nov. 21, 2016
s/ WFK
_____
Honorable William F. Kuntz, II
United States District Judge

- 8 -